# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLAYTON E. CONSER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-2313-CM-GEB |
| ) | |
| BRONSON CAMPBELL and ) | |
| CITY OF VALLEY FALLS, KANSAS ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Movant Roger W. Warren's Motion to Compel Payment of Mediator's Fees (**ECF No. 56**). Mr. Warren represents that, although Defendant paid its half of the mediation fees, Plaintiff failed to pay his half, in the amount of $787.50, and Plaintiff's counsel has ignored repeated requests for payment. No party responded to the motion, and the time for responses under D. Kan. Rule 6.1(d)(1) has expired. Therefore, the Court may grant the motion as uncontested under D. Kan. Rule 7.4, without further notice.

However, prior to granting the motion, a brief discussion of the Court's jurisdiction over the request is necessary. This matter was dismissed prior to the filing of Movant's motion. (*See* Memorandum and Order, ECF No. 54; Judgment, ECF No. 55.) The Court notes, although Movant did not address the issue in his motion, it has sua sponte reviewed the standards by which it may, in its discretion, assert ancillary jurisdiction over Movant's request.[1]

---

[1] *See Aikens v. Deluxe Fin. Servs., Inc*., No. 01-2427-CM-DJW, 2006 WL 2714513, at *2-3 (D. Kan. Sept. 22, 2006) (citing, *inter alia*, *Jenkins v. Weinshienk*, 670 F. 2d 915, 918 (10th Cir. 1982)). Although the court in *Aikens* declined to assert ancillary jurisdiction over a mediator fee dispute, the facts of that dispute were distinguishable from the facts at hand. In *Aikens*, the mediator's fee

Applying those standards, the Court finds this request arose from the undersigned's Scheduling Orders in this case, ordering the parties to participate in mediation (ECF No. 22, 29). Deciding the request requires no further factfinding proceeding, particularly in this instance, where the motion is unopposed. Additionally, although not deciding the motion would not deprive any party of any important procedural or substantive right, this Court finds the issue should be decided in order to protect the integrity of the proceeding. As previously mentioned, this Court directly ordered the parties to participate in mediation, and in doing so, expects both the parties and counsel subject to its order to follow through with the entire mediation process—including the full payment of the mediator's fees.

Having reviewed the Motion and being fully advised in the premises, the Court hereby **GRANTS** Movant's Motion to Compel Payment of Fees as uncontested pursuant to D. Kan. Rule 7.4. Plaintiff is to provide full payment of the mediator's fees in the amount of $787.50 to Mr. Warren **no later than 10 days following the date of this Order**. Plaintiff must also file, with this Court, a notice of compliance **no later than 5 days following his payment** to Mr. Warren. Failure to comply with this order may result in sanctions, up to and including a finding of contempt.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 6th day of November, 2018.

s/ Gwynne B. Birzer
Honorable Gwynne E. Birzer
U.S. MAGISTRATE JUDGE

---

request was disputed, and one law firm claimed the mediator breached the mediation agreement. A determination of whether the mediator breached the agreement would have required substantial factfinding, including additional discovery and an evidentiary hearing. *See Aikens*, 2006 WL 2714513, at *3-4.