# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLAYTON E. CONSER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-2313-CM-GEB |
| ) | |
| BRONSON CAMPBELL and ) | |
| CITY OF VALLEY FALLS, KANSAS ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER CERTIFYING FACTS
### Pursuant to 28 U.S.C. § 636(e)(6)

This matter is before the Court on Movant Roger W. Warren's Motion to Compel Payment of Mediator's Fees (ECF No. 56), the undersigned Magistrate Judge's Order granting that motion (ECF No. 58), and Plaintiff's failure to respond to, or comply with, that Order.

**Upon review of the files and records of the Court, the undersigned Magistrate Judge certifies the following to the Honorable Carlos Murguia, United States District Court Judge:**

## I. Certification of Facts

In January 2018, the parties to this action participated in mediation with Roger Warren acting as mediator. (ADR Report, ECF No. 33.) On September 19, 2018, Mr. Warren filed a motion representing although Defendants paid their half of Mr. Warren's mediation fees, Plaintiff failed to pay his half, in the amount of $787.50, and Plaintiff's counsel ignored repeated requests for payment. (Motion, ECF No. 56.) Pursuant to 28 U.S.C. § 636(b)(1), the District Judge referred Mr. Warren's Motion to Compel Payment of Mediator's Fees to the undersigned Magistrate Judge. (Order Referring Motion, ECF No. 57.) Following that referral, and a lack of response from any

party to that motion, the undersigned granted the motion as uncontested pursuant to D. Kan. Rule 7.4. (Order, ECF No. 58.)

Despite the uncontested nature of the motion, the undersigned briefly examined the Court's jurisdiction over Mr. Warren's request:

> . . . prior to granting the motion, a brief discussion of the Court's jurisdiction over the request is necessary. This matter was dismissed prior to the filing of Movant's motion. (*See* Memorandum and Order, ECF No. 54; Judgment, ECF No. 55.) The Court notes, although Movant did not address the issue in his motion, it has sua sponte reviewed the standards by which it may, in its discretion, assert ancillary jurisdiction over Movant's request.[1]
>
> Applying those standards, the Court finds this request arose from the undersigned's Scheduling Orders in this case, ordering the parties to participate in mediation (ECF Nos. 22, 29). Deciding the request requires no further factfinding proceeding, particularly in this instance, where the motion is unopposed. Additionally, although not deciding the motion would not deprive any party of any important procedural or substantive right, this Court finds the issue should be decided in order to protect the integrity of the proceeding. As previously mentioned, this Court directly ordered the parties to participate in mediation, and in doing so, expects both the parties and counsel subject to its order to follow through with the entire mediation process—including the full payment of the mediator's fees.

(Order, ECF No. 58). In the Order, Plaintiff was directed to: 1) pay the mediator's fees owed to Mr. Warren no later than 10 days following entry of the Order; and 2) file a notice of compliance within five days following that payment. (*Id.*)

On November 29, 2018, after a review of the docket revealed no notice of compliance was filed, the undersigned set this matter for telephone hearing on December 5, 2018. (Notice of

---

[1] *See Aikens v. Deluxe Fin. Servs., Inc.*, No. 01-2427-CM-DJW, 2006 WL 2714513, at *2-3 (D. Kan. Sept. 22, 2006) (citing, *inter alia*, *Jenkins v. Weinshienk*, 670 F. 2d 915, 918 (10th Cir. 1982)). Although the court in *Aikens* declined to assert ancillary jurisdiction over a mediator fee dispute, the facts of that dispute were distinguishable from the facts at hand. In *Aikens*, the mediator's fee request was disputed, and one law firm claimed the mediator breached the mediation agreement. A determination of whether the mediator breached the agreement would have required substantial factfinding, including additional discovery and an evidentiary hearing. *See Aikens*, 2006 WL 2714513, at *3-4.

Hearing, ECF No. 59.) In the Notice, the undersigned explained: "[f]ailure to comply with this order may result in sanctions, up to and including a finding of contempt. The Court expects the movant, Mr. Warren, to also participate." The Notice was transmitted to all parties by ECF notification, as well as by email to those addresses contained on the Court's docket. (*Id*.)

Upon informal request to the undersigned, Defendants' counsel was excused from the December 5, 2018 hearing. Only one party appeared for the hearing—mediator/movant Roger Warren. During the hearing, Mr. Warren stated he had received no contact from Plaintiff's counsel, and still had not been paid Plaintiff's portion of the mediation fees. Mr. Warren also informed the undersigned that this is not the first case in which Plaintiff's counsel, Mr. Adebayo I.K. Ogunmeno, has failed to pay Mr. Warren's mediator fees.

To date, Plaintiff has failed to comply with the undersigned's Order of November 6, 2018 (ECF No. 58), and failed to appear before the undersigned as noticed (ECF No. 59).

## II. Contempt Authority of United States Magistrate Judges

Generally, United States Magistrate Judges only possess ""the power to exercise contempt authority as set out in [28 U.S.C. § 636(e)]."[2] Subsections (2) through (4) of § 636(e) outline the magistrate judge's direct authority to find contempt in situations inapplicable to the current matter.[3] Subsection (6) outlines three instances in which the magistrate judge hears a matter under § 636(b) and encounters circumstances constituting contempt:

> (i) when the alleged act constitutes a serious criminal contempt committed in the presence of the magistrate judge; (ii) when the alleged act constitutes a criminal

---

[2] *E.E.O.C. v. Midwest Health Inc.*, No. 12-MC-240-KHV-GLR, 2013 WL 1502075, at *1 (D. Kan. Apr. 11, 2013) (citing 28 U.S.C. § 636(e)(1)).
[3] *See* § 636(e)(2)-(4) (discussing, in subsection (2), the summary criminal contempt authority for actions taken in the presence of the magistrate judge, and in subsections (3) and (4) the criminal and civil contempt authority in civil consent and misdemeanor cases).

contempt but occurred outside the presence of the magistrate judge; and (iii) when the act constitutes a civil contempt.[4]

If the magistrate judge believes an act constituting contempt has been committed, the "magistrate is authorized to certify the facts to the district court and issue an order requiring the party to appear before that court. The power to take evidence and determine punishment, however, is committed only to the district court."[5]

**III.    Conclusion**

Given the authority vested in me under 28 U.S.C. § 636(e), and the facts certified above, I further certify to you that it is appropriate for a United States Marshal or a Deputy United States Marshal to serve a Show Cause Order on Plaintiff Clayton E. Conser and his counsel, Adebayo I.K. Ogunmeno, requiring both to appear before a District Judge of this Court at a time and place to be scheduled by the Court to show cause why they should not be held in contempt or why other appropriate sanctions should not be imposed by the Court.

Dated at Wichita, Kansas this 7th day of February 2019.

s/ Gwynne E. Birzer
Honorable Gwynne E. Birzer
U.S. MAGISTRATE JUDGE

---

[4] *Midwest Health Inc.*, 2013 WL 1502075, at *2 (citing 28 U.S.C. § 636(e)(B)(i)-(iii)).
[5] *Clark v. Poulton*, 963 F.2d 1361, 1375 (10th Cir. 1992) (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888 (3d Cir. 1992); discussing in *Taberer*, "the magistrate held an evidentiary hearing, found contempt, and then referred the matter to the district court, which treated the magistrate's decision as a proposed finding and recommendation pursuant to section 636(b)(1)(B). The court of appeals held that this procedure was not authorized by section 636(e) . . .")